**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | No. 3:08-CR-0167-B |
| ) | |
| **DAROBIE KENTAY STENLINE,** ) | |
| **ID # 37468-177,** ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the Order of Reference dated August 2, 2010, before the Court for recommendation is Defendant's *Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582*, filed on or about July 30, 2010 (doc. 407). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.**

Defendant pled guilty to five counts of bank robbery, four counts of conspiracy to commit bank robbery, and one count of firearm use and possession in relation to the conspiracy on July 23, 2009. The Court entered judgment sentencing him to a total of 120 months of imprisonment on March 8, 2010. Defendant now moves to correct and reduce his sentence under 18 U.S.C. § 3582 because the Court separately counted prior sentences imposed the same day in the same court instead of treating them as related under U.S. Sentencing Guidelines Manual § 4A1.2(a)(2)(B).

Section 3582(c)(2) states that a court may not modify a sentence once imposed except that–

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commissioner pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is U.S.S.G. § 1B1.10, entitled "Retroactivity of Amended Guideline Range (Policy Statement)." USSG §1B1.10(a), p.s.; *U.S. v. Drath,* 89 F.3d 216, 217-18 (5th Cir.1996). Section 1B1.10(a) provides that a reduction in the defendant's term of imprisonment is authorized under § 3582(c)(2) only if the amendment to the Guidelines Manual lowering the guideline range applicable to that defendant is listed in § 1B1.10(c). *Id.* If an amendment to the Guidelines is not listed in U.S.S.G. § 1B1.10(c), then "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is *not* authorized under 18 U.S.C. § 3582(c)(2). § 1B1.10(a) (emphasis added); *see also Drath*, 89 F.3d at 217-18.

Here, § 4A1.2 was last amended on November 1, 2007, before Defendant's sentence was imposed. *See* USSG § 4A1.2 historical note (2009) (identifying Amendment 709 as last amendment). In addition, because Amendment 709 is not listed in § 1B1.10(c) as one that can subsequently lower an applicable guideline range, it was not made retroactive by the U.S. Sentencing Commission, and the Court does not have discretion to consider reducing Defendant's sentence on this basis. *See* USSG §1B1.10(a),(c), p.s.; *United States v. Espericueta*, No. 08-20110, 2010 WL 1141670, at *1 (5th Cir. Mar. 22, 2010); *U.S. v. Chavez*, Cr. No. C-03-196, 2008 WL 4449900 (S.D. Tex. Sept. 30, 2008) (collecting cases and finding that Amendment 709 is not retroactive). Defendant's motion for a reduction in sentence under § 3582(c)(2) should be denied.

## II.

Because Defendant seeks to correct his sentence, the Court could arguably construe the motion as one to correct sentence filed under 28 U.S.C. § 2255. "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will
2

result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Because the technical application of the sentencing guidelines is not subject to collateral review, Defendant's motion should not be construed as a § 2255 motion.

### III.

The *Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582*, filed on or about July 30, 2010, (doc. 407) should be **DENIED**. It should not be construed as a motion under 28 U.S.C. § 2255.

**SIGNED this 13th day of August, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE